1  Larry D. Webb Sbn 229344
   Law Office Of Larry Webb
2  484 Mobil; Suite 43
   Camarillo, Ca 93010
3  Phone 805 987 1400::Fax    805 987 2866
   Email Webblaw@GMAIL.COM
4  Attorney for YESLENDER

5

6                UNITED STATES BANKRUPTCY COURT

7                CENTRAL DISTRICT OF CALIFORNIA

8                          LOS ANGELES

9   In re:                          Chapter 11
10  DDC GROUP, INC.,                Case No:2:18-bk-17029-BB
                        Debtor.     Adversary Case No:18-ap-01312-BB
11

12  DDC GROUP, INC.,                DEFENDANT YESLENDER LLC'S NOTICE
                                    OF MOTION AND MOTION FOR ORDER TO
                        Plaintiff,  DISMISS PLAINTIFFS FIRST AMENDED
13                      vs.         COMPLAINT FOR DECLARATORY RELIEF
                                    AND TO DETERMINE THE NATURE,
14  RDY HOLDINGS LLC, a New York Limited   EXTENT AND VALIDITY OF JUDGMENT
    Liability Company; YES LENDER, LLC, a  LIENS MEMORANDUM OF POINTS AND
15  business entity form unknown; GTR SOURCE  AUTHORITIES IN SUPPORT
    LLC, a New Jersey Limited Liability
16  Company; YELLOWSTONE CAPITAL
    WEST LLC, a New York Limited Liability   STATUS CONFERENCE
17  Company; RICHMOND CAPITAL GROUP,   Date:03-05-2019
    LLC, a New York Limited Liability Company,  Time: 02:00 pm
18
                        Defendants.
19                                  HEARING
                                    Date:03-05-2019
20                                  Time: 02:00 pm
                                    Location: 255 E Temple St., Crtrm 1539, Los
21                                  Angeles, CA 90012

22

23
          TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY
24  JUDGE AND ALL INTERESTED PARTIES:

25        PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure (F.R.C.P.)

26  12(b)(1) and (6) and Federal Rules of Bankruptcy Procedure (F.R.B.P.) Rule 7012. Defendant

27

28                              Page 1

1  YesLender LLC will and hereby does move for an order dismissing the complaint of Plaintiff

2  DDC Group Inc.  Further, the Defendant moves to strike certain allegations of the Complaint

3  pursuant to F.R.C.P. Rule 12(f) and F.R.B.P. Rule 7012.

4      Defendant YesLender LLC, files this motion to dismiss Plaintiff's complaint for

   declaratory relief and to determine nature, extent and validity of judgment liens.

5      This Motion is noticed to be heard at 2PM on 03-05-2019, or as soon as may be heard

6  thereafter, in Courtroom 1539 of the United States Bankruptcy Court, Central District of

7  California, Los Angeles Division, Edward R. Roybal Federal Building and Courthouse, 255 E.

8  Temple Street, Los Angeles, CA 90012, before the Honorable Sheri Bluebond. Local Bankruptcy

9  Rule 9013-1(f) requires that any opposition to this Motion be filed and served no later than 14

10  days before the hearing date.

11      Plaintiff, DDC GROUP INC is suing for declaratory relief and to determine the nature,

   extent and validity of judgment liens.  Plaintiff relies upon FRBP 7001(2) for the courts authority

12  to determine the validity, priority, or extent of a lien or other interest in property, FRBP Rule

13  7001(2).

14      This Motion is based on this Notice of Motion, the attached Memorandum of Points and

15  Authorities, the accompanying Request for Judicial Notice, the complete files and records in this

16  matter, the argument of counsel, and such other and further matters as this Court may consider

   before or at the hearing on this Motion.

17      Date 2/12/2019

18

19

20      Larry Webb
       Attorney for
21      YesLender LLC

22

23

24

25

26

27

28

Table of Contents

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 5

PARTIES ............................................................................................................................... 5

PLAINTIFF'S ISSUES ......................................................................................................... 5

PROCEEDINGS ................................................................................................................... 5

THE AMENDED COMPLAINT ........................................................................................... 5

YESLENDER'S RESPONSE................................................................................................. 6

STATEMENT OF FACTS .................................................................................................... 6

GOVERNING LAW............................................................................................................... 7

SISTER STATE JUDGMENT .............................................................................................. 8

THE PENNSYLVANIA JUDGEMENT CONFESSION OF JUDGMENT COGNOVIT
ACTIONEM CLAUSE ........................................................................................................ 11

RES JUDICATA ISSUE PRECLUSION CLAIM PRECLUSION FULL FAITH AND CREDIT
............................................................................................................................................ 13

THE ROOKER-FELDMAN DOCTRINE THERE IS NO SUBJECT MATTER JURISDICTION
THE COMPLAINT SHOULD BE DISMISSED, FRBP 12(b)(1) ...................................... 15

PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION COMPLAINT MUST BE
DISMISSED FRCP 12(b)(6) .............................................................................................. 17

ALL ALLEGATIONS REGARDING YESLENDER LLC MUST BE STRUCK FROM THE
COMPLAINT ...................................................................................................................... 17

FRBP 12(f)........................................................................................................................... 17

**Cases**

*Alderman v. Diament*, 7 N.J.L. 197, 198 (1824).......................................................... 12

*Baker by Thomas v. General Motors Corp.* (1998) 522 U.S. 222, 223 ........................ 14

*Bank of America v. Jennett* (1999) 77 Cal.App.4th 104, 118 ....................................... 11

*Bank of America v. Jennett* (App. 3 Dist. 1999) 91 Cal.Rptr.2d 359, 77 ....................... 8

*Capital Trust, Inc. v. Tri-National Development Corp.* (2002) 103 Cal.App.4th 824, 829 ......... 10

*Cooper v. Ramos* (9th Cir. 2012) 704 F.3d 772, 777–778........................................... 16

*D. H. Overmyer Co. Inc., of Ohio v. Frick Co.* (1972) 405 U.S. 174, 176–178 ................ 12

YESLENDER'S MOTION TO DISMISS

*Hadden v. Rumsey Products, I*nc., 196 F.2d 92, 96 (CA2 1952)...................................................... 12

*In re Mastro* (Bankr. W.D. Wash. 2011) 465 B.R. 576, 585 .............................................................. 18

*Isbell v. County of Sonoma, supra,* 21 Cal.3d at pp. 69–70........................................................... 10

*Noel v. Hall* (9th Cir. 2003) 341 F.3d 1148, 1158 .......................................................................... 17

*Swarb v. Lennox* (1972) 405 U.S. 191, 193–194 ........................................................................... 13

**Statutes**

Cal. Civ. Proc. Code § 1710.40 ....................................................................................................... 9

Code Civ. Proc., § 1132 ................................................................................................................. 10

Pa.Rule Civ.Proc. 2951(a) ............................................................................................................. 13

**Other Authorities**

*Blackstone, Commentaries*............................................................................................................ 12

**Exhibits**

Exhibit "A" Merchant Capital Agreement ........................................................................................ 7

Exhibit "B" UCC Financing Statement ............................................................................................ 8

Exhibit "C" Montgomery County Court Judgment .......................................................................... 8

Exhibit "D" Notice of Entry of Judgement on Sister-State .............................................................. 8

Exhibit "E" Disclosure for confession of judgement....................................................................... 13

Exhibit "F" LASC DOCKET BS173959............................................................................................ 8

Exhibit "G" Transcript 12-11-2018 ............................................................................................... 15

YESLENDER'S MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES
### PARTIES

1.      Plaintiff DDC GROUP INC. is a California Corporation and the Debtor entity in the underlying above captioned chapter 11 bankruptcy case.

2.      Defendant Yes Lender LLC is a domestic limited liability company located in King of Prussia, PA. YesLender funds all types of businesses in virtually every industry imaginable.

### PLAINTIFF'S ISSUES

3.      Plaintiff's prayer for judgment asks for:

   a.    a declaration that YesLender's liens are not valid, perfected, or enforceable pre-petition

   b.    a declaration of the Court that YesLenders's liens are limited to the amount actually received by DDC Group.

### PROCEEDINGS

4.      DDC Group filed its complaint, 2:18-ap-01312-BB on 10-09-2018.  Yeslender filed its first Motion to dismiss on 11-08-2018.  The Motion was heard on 12-11-2018.  This court denied the motion, however this court also ordered DDC Group to amend its complaint by 01-14-2019, and defendants response is to be filed by 02-15-2019.  DDC Group filed its amended complaint on 01/14/2014.

5.      This responsive motion to dismiss is timely filed under the Court's order dated January 3, 2019, docket 16.

### THE AMENDED COMPLAINT

6.      A side by side comparison of the First Amended Complaint [FAC] and the originating complaint  shows that plaintiff merely added three paragraphs;  FAC paragraph 13, 14 and 15. As to Yeslender, only FAC 14 and 15 are applicable.  For ease of reference FAC paragraphs 14 & 15 of the FAC are repeated below.

   " 14. Defendant YesLender has obtained a sister state judgment in California. The   other three defendants with out of state judgments do not have sister state judgments in  California.  As to the YesLender California Judgment, California

YESLENDER'S MOTION TO DISMISS

law was not followed by YesLender and therefore the judgment should be declared void.

California Code of Civil Procedure 1132: (b) A judgment by confession shall be entered only if an attorney independently representing the defendant signs a certificate that the attorney has examined the proposed judgment and has advised the defendant with respect to the waiver of rights and defenses under the confession of judgment procedure and has advised the defendant to utilize the confession of judgment procedure. The certificate shall be filed with the filing of the statement required by Section 1133."

15. Debtor was not offered the opportunity to have its attorney "examine the proposed judgment" or give it any advice whatsoever. "

7. There is also a slight modification in the prayer asking for a declaration as to the amount of allowed claim.

8. At the 12-11-2018 hearing on the motion to dismiss the original complaint, the Court raised several questions for the Plaintiff. Those questions appear not have been addressed in the FAC.

YESLENDER'S RESPONSE

9. At the 12-11-2018 hearing on the motion to dismiss the original complaint, this court opined that the complaint was not an attempt to use this court as a court of appeals. The First Amended Complaint now asks this court to void the Pennsylvania judgement. The FAC is a now a direct attack on the Pennsylvania Judgment, a de facto appeal, and therefore must be dismissed pursuant to FRCP 12(b)(1), (6)

10. At the 12-11-2018 hearing on the motion to dismiss the original complaint, this court raised questions about the preclusive effect of the Sister state judgment. This court also asked if there were any California public policy concerns. These questions are addressed below.

STATEMENT OF FACTS

11. DDC Group and YesLender executed a Merchant Capital Agreement (the "Agreement") dated January 31, 2018, under which YesLender agreed to purchase a portion of in future

YESLENDER'S MOTION TO DISMISS

receivables.  YesLender paid DDC Group $40,000.00, less certain administrative fees.  The value of future receivables to be delivered to YesLender was $58,000.00, plus fees.  The contract language is clear and plain.  This is a purchase of accounts receivable.

> We agree to buy from you (and you agree to sell to us) the amount of
> future Receivables shown below (the "Amount Sold") in exchange for the
> Purchase Price shown below.  See RJN Exhibit "A" Merchant Capital
> Agreement. Page 6.

12.    See Request for Judicial Notice ("RJN") Exhibit "A" Merchant Capital Agreement. Page 18.

GOVERNING LAW

13.    Governing Law here is contractual.  The parties agreed that the laws of the Commonwealth of Pennsylvania govern the entire relationship between and among the parties. The contractual governing law clause is:

> e. Governing Law. This   Agreement, any transactions it contemplates, the
> construction of the terms of the Agreement and all  transactions, and the
> interpretation performance and enforcement of the  rights and duties of you
> and us, will be  governed by and construed in  accordance with the laws of the
> Commonwealth of Pennsylvania,  without regards to conflicts of law
> principles. The parties agree that the laws of the Commonwealth of
> Pennsylvania govern the entire  relationship between and among the  parties,
> including, without limitation,  all issues or claims arising out of,  relating to, in
> connection with or  incident to this Agreement and any  transaction it
> contemplates, whether  such claims are based in tort, contract,  or arise under
> statute or in equity. The parties acknowledge and agree that this  Agreement is
> made and performed in  the Commonwealth of Pennsylvania.

> See Exhibit A RJN Page 14.

14.    Pursuant to the terms of the Agreement, the DDC Group was obligated to deliver the full amount of receivables purchased by the YesLender as follows: $483.33 per business day until the purchased receivables and all related fees under the terms of the Agreement are received in

1    full. See Exhibit A Merchant Capital Agreement RJN page 7.

2    15.    On or about 2-14-2018, YesLender advanced to the Debtor, by wire transfer, the amount

3    of $38,800 to Debtor's Chase Bank Account. See Declaration of Bret Dunlap at page 19.

4    16.    On 02-14-2018 YesLender filed UCC Financing Statement filing number 18-7633476116

5    dated 02-14-2018 14:04; with the California Secretary of State.  The Financing Statement was

6    amended on 02-22-2018 14:08; Filing Number 18-76346031. See Exhibit "B" UCC Financing
     Statement at page 36.

7            ALL ASSETS AND PROCEEDS; ALL ACCOUNT(S) AND

8            PROCEEDS; ALL ACCOUNT RECEIVABLES AND PROCEEDS; ALL

9            CHATTEL PAPER AND PROCEEDS; ALL CONTRACT RIGHTS AND

10           PROCEEDS; ALL NEG0TIABLE INSTRUMENTS AND PROCEEDS; ALL

11           GENERAL INTANGIBLE (S) AND PROCEEDS; ALL INVENTORY AND

             PROCEEDS; ALL VEHICLES AND PROCEEDS; ALL FIXTURES AND

12           PROCEEDS; ALL MACHINERY AND PROCEEDS; ALL EQUIPMENT

13           AND PROCEEDS

14    17.    On or about 3-7-2018, Debtor bounces remittance for the 5th time. On or about 4-03-

15    2018, YesLender causes a Judgment to be entered by the Montgomery County Pennsylvania

16    court against Vyacheslav [Slava] Borisov personally and Debtor.  Judgement entered in the

17    amount of $63,483.35  See Exhibit "C" Montgomery County Court Judgment page 39 and
     declaration of Bret Dunlap at page 15.

18                            SISTER STATE JUDGMENT

19    18.    On or about 06-13-2018, the Pennsylvania judgment was entered as a sister state

20    judgment in the Superior Court of Los Angeles; case Number BS173959.  The Exhibit "D"

21    Notice of Entry of Judgement on Sister-State at page 41. Notice was filed on 06-15-2018 Exhibit

22    "F" LASC DOCKET BS173959 page 47.

23    19.    A California judgment can be obtained simply by registering a sister state money

24    judgment with the specified superior court, thereby avoiding the necessity of bringing a

25    completely independent action in California. *Bank of America v. Jennett* (App. 3 Dist. 1999) 91
     Cal.Rptr.2d 359, 77 Cal.App.4th 104.

26

27

28

20.    Plaintiff has not moved to vacate the Sister State Judgment. Exhibit "F" LASC docket BS173959, page 47. The time to move to vacate the sister state judgment has passed.

> (b) Not later than 30 days after service of notice of entry of judgment pursuant to Section 1710.30, proof of which has been made in the manner provided by Article 5 (commencing with Section 417.10) of Chapter 4 of Title 5 of Part 2, the judgment debtor, on written notice to the judgment creditor, may make a motion to vacate the judgment under this section.  Cal. Civ. Proc. Code § 1710.40 (West)

21.    In the amended complaint Plaintiff cites California Code of civil procedure  §1132 regarding the procedure for obtaining a judgment by confession under California Law. YesLender's judgment was obtained in Pennsylvania, pursuant to Pennsylvania law and procedure.

22.    There is a question as to how a California court should honor a sister state judgment where the sister state confession of judgment law differs from California regarding notice and due process.  Fortunately, there is California case law directly on point. We first look at California Law then at how California law has been applied by California courts where the original State's judgement was entered by confession of judgement.

23.    Although rarely seen, California Law also provides for confession of judgement, if the confessing party obtains a certification of independent review.

> (a) A judgment by confession may be entered without action either for money due or to become due, or to secure any person against contingent liability on behalf of the defendant, or both, in the manner prescribed by this chapter. Such judgment may be entered in any superior court.

> (b) A judgment by confession shall be entered only if an attorney independently representing the defendant signs a certificate that the attorney has examined the proposed judgment and has advised the defendant with respect to the waiver of rights and defenses under the confession of judgment procedure and has advised the defendant to utilize the confession of judgment procedure. The certificate shall be

1    filed with the filing of the statement required by Section 1133. Code

2    Civ. Proc., § 1132

3    24.    The California legislature amended §1132 following a 1978 decision by the California

4    Supreme Court.

5        In Isbell the court suggested that if the document confessing judgment

6        itself demonstrated a voluntary, knowing and intelligent waiver of due process

7        rights, then entry of judgment would be valid. *(Isbell v. County of Sonoma,*

8        *supra,* 21 Cal.3d at pp. 64–65, 70, In response to this observation, the

9        Legislature amended section 1132 to allow the entry of judgment by

10        confession if it is filed with a certificate signed by an attorney independently

11        representing the defendant indicating that the attorney has examined the

12        proposed judgment and has advised the defendant concerning the waiver of

13        rights and defenses under the confession of judgment procedure and has

14        advised the defendant to use that procedure. (§ 1132, subd. (b).)  *Capital Trust,*

15        *Inc. v. Tri-National Development Corp.* (2002) 103 Cal.App.4th 824, 829

25.    As to waiver, *Capital Trust* tells us that between sophisticated parties' strict compliance

with §1132 is not necessary for waiver of due process. The courts draw a distinction between

consumer lender transactions and transactions between sophisticated business entities.  Where

the parties are equal bargaining partners a voluntary waiver can fairly be assumed.

    *Isbell* recognizes that cases exist in which the parties' agreement itself

    shows it was negotiated between equal bargainers and in which a voluntary

    waiver of due process rights can fairly be assumed. (*Isbell v. County of*

    *Sonoma, supra,* 21 Cal.3d at pp. 69–70,  While the defendants' affidavit

    acknowledging consultation with counsel does not strictly satisfy the attorney

    affidavit requirements of section 1132, we conclude that given the context of

    the case it is sufficient to allow the conclusion that Tri–National voluntarily

    waived its rights to due process. *Capital Trust, Inc.* 831

26.    As to whether the Debtor in Possession is a sophisticated party, given the extent, breadth

and complexity of their business plus the fact that they employ a full-time in-house attorney

there is no question the DIP is a sophisticated actor.

27

28

27.    As to the actual waiver, the contract provides for confession of judgement and DIP acknowledged it had the opportunity to consult with counsel.

> Seller further acknowledges and agrees that it has had the opportunity to consult with an attorney of Seller's own choosing with respect to this Warrant of Attorney for Confession of Judgment, and the rights waived by Seller herein.  See Exhibit A RJN page 16.

28.    Each Guarantor also acknowledge the opportunity to consult with counsel.

> Each Guarantor further acknowledges and agrees that it has had the opportunity to consult with an attorney of Guarantor's own choosing with respect to this Warrant of Attorney for Confession of Judgment, and the rights waived by Guarantor herein. See Exhibit A RJN page 20.

29.    The attack on the sister state California judgement because California procedure was not strictly applied in the Pennsylvania Judgment is moot.  First, for all purposes the law of the Commonwealth of Pennsylvania is the law of this contract.  Second, the agreement sufficiently comports with California Law to allow entry of the sister-state judgment. A sister state judgment is valid even where the original judgment was wrongly decided. "As long as the sister state court had jurisdiction over the subject matter and the parties, a sister state judgment is entitled to full faith and credit "even as to matters of law or fact erroneously decided."" *Bank of America v. Jennett* (1999) 77 Cal.App.4th 104, 118

THE PENNSYLVANIA JUDGEMENT
CONFESSION OF JUDGMENT
COGNOVIT ACTIONEM CLAUSE

30.    The Pennsylvania judgment was obtained by confession of judgment following the Debtors default on a purchase and sale agreement.  The confession of judgment or cognovit actionem is an ancient legal device that is constitutionally valid and presently codified by several states, Pennsylvania and California included. The U.S. Supreme Court has held that parties to a contract may waive individual constitutional or Statutory Rights.  In an opinion delivered by Mr. Justice Blackmun;

> The cognovit is the ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and

possibly even with the appearance, on the debtor's behalf, of an attorney

designated by the holder.[2] It was known at least as far **778 back as

Blackstone's time. 3 W. *Blackstone, Commentaries* *397.[3] In a case applying

Ohio law, it was *177 said that the purpose of the cognovit is 'to permit the

note holder to obtain judgment without a trial of possible defenses which the

signers of the notes might assert.' *Hadden v. Rumsey Products, I*nc., 196 F.2d

92, 96 (CA2 1952). And long ago the cognovit method was described by the

Chief Justice of New Jersey as 'the loosest way of binding a man's property

that ever was devised in any civilized country.' *Alderman v. Diament*, 7 N.J.L.

197, 198 (1824). Mr. Dickens noted it with obvious disfavor. Pickwick Papers,

c. 47. The cognovit has been the subject of comment, much of it critical.[4]

Statutory treatment varies widely. Some States specifically authorize the

cognovit.[5] Others disallow it.[6] *178 Some go so far as to make its employment

a misdemeanor.[7] The majority, however, regulate its use and many prohibit the

device in small loans and consumer sales.[8] *D. H. Overmyer Co. Inc., of Ohio v.

Frick Co.* (1972) 405 U.S. 174, 176–178

31.    The Pennsylvania Law for confession of judgment is well tested and remains valid.  At

the same time the U.S. Supreme Court took up *Overmyer*, the Court ruled on a matter regarding

the Pennsylvania cognovit actionem statute. In an opinion also delivered by Mr. Justice

Blackmun;

The cognovit system is firmly entrenched in Pennsylvania and has long

been in effect there.

A confession of judgment for money 'may be entered by the prothonotary[1]

. . . without the agency of an attorney and without the filing of a complaint,

declaration or confession, for the amount which may appear to be due from the

---

[1] The Prothonotary is the elected civil clerk of the Court of Common Pleas and is responsible for recording all civil procedures before the court. This official signs and seals all writs and processes numerous other documents of the Court of Common Pleas. https://www.montcopa.org/97/Prothonotary

1    face of the instrument,' Pa.Rule Civ.Proc. 2951(a), except that the action must

2    be instituted by a complaint if the instrument is more than 10 years *194 old or

3    cannot be produced for filing, 'or if it requires the occurrence of a default or

     condition precedent before judgment may be entered.' Rules 2951(c) and (d).

4    In an action instituted by a complaint, the plaintiff shall file a confession of

5    judgment substantially in a prescribed form, and the attorney for the plaintiff

6    'may sign the confession as attorney for the defendant' unless a statute or the

     instrument provides otherwise. Rule 2955. The prothonotary enters judgment

7    'in conformity with the confession.' Rule 2956.[2] The amount due, interest,

8    attorneys' fees, and costs may be included by the plaintiff in the praecipe for a

9    writ of execution. Rule 2957.

10       *Swarb v. Lennox* (1972) 405 U.S. 191, 193–194

11   32.    The opinions in *Overmyer* and *Swarb* were sequentially delivered on the same day. The

12   Pennsylvania case, *Swarb*, being the latter.

13   33.    Pursuant to Pennsylvania law and procedure, YesLender LLC followed the procedures

14   described by *Swarb* to obtain their judgment by confession against Vyacheslav Borisov and

     DDC Group, Inc.  YesLender is informed and believes that Vyacheslav Borisov is the principal

15   controlling shareholder of Plaintiff.  On or about 02-09-2018 Vyacheslav Borisov signed a

16   "Disclosure of Confession of Judgment" Exhibit "E" Disclosure for confession of judgement.

17   34.    Plaintiff has not appealed the Pennsylvania judgement.  The time for appeal has passed.

18   35.    Plaintiff did not move to vacate the sister state judgment.  The time to vacate has passed.

19                          RES JUDICATA
                          ISSUE PRECLUSION
20                         CLAIM PRECLUSION
                        FULL FAITH AND CREDIT
21
     36.    Yeslender asserts that its judgment is res judicata as to amount owed.  The sister state
22
     California judgment enjoys equal dignity with a judgment originally entered in California
23
     pursuant to California Law.  As discussed above, the choice of law is contractually established in
24
     the Commonwealth of Pennsylvania.  The variance in the law of confession of judgment is not a
25
     factor.  It is complicated; however, by walking thru the analysis brings us to a valid California
26
     Judgment with res judicata or issue preclusion or claim preclusion
27
28

37.     As to the preclusion effect, there is no public policy exception to the full faith and credit clause. In an 9-0 US Supreme Court opinion delivered by Justice Ginsburg with a concurring opinions by Justice Kennedy and Justice Scalia the US Supreme court is clear that there is no public policy exception to full faith and credit.

By Justice Ginsburg

A final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land. For claim and issue preclusion (res judicata) purposes, in other words, the judgment of the rendering State gains nationwide force

As to judgments, the full faith and credit obligation is exacting. A final judgment in one State, if rendered by a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land. *Citations omitted* A court may be guided by the forum State's "public policy" in determining the law applicable to a controversy, *Citations omitted*, but this Court's decisions support no roving "public policy exception" to the full faith and credit due judgments, *Baker by Thomas v. General Motors Corp.* (1998) 522 U.S. 222, 223

By Justice Kennedy

The majority, of course, is correct to hold that when a judgment is presented to the courts of a second State it may not be denied enforcement based upon some disagreement with the laws of the State of rendition. Full faith and credit forbids the second State to question a judgment on these grounds. There can be little doubt of this proposition. We have often recognized the second State's obligation to give effect to another State's judgments even when the law underlying those judgments contravenes the public policy of the second State. *Baker by Thomas*  243

By Justice Scalia

1

2

3

4

> The judgment that General Motors obtained in Michigan " 'does not carry
> with it, into another State, the efficacy of a judgment upon property or persons,
> to be enforced by execution. To give it the force of a judgment in another
> State, it must be made a judgment there; and can only be executed in the latter
> as its laws may permit *Baker by Thomas* 242

5

6

7

8

9

38.    YesLender has a judgment properly obtained in Pennsylvania pursuant to Pennsylvania law.  YesLender has a sister state California judgment.  The California judgment is enforceable under California law. There is no public policy exception to the full faith and credit clause, therefore the issues and claim preclusion effect of a California Judgment are in full force and effect.

10

### THE ROOKER-FELDMAN DOCTRINE
### THERE IS NO SUBJECT MATTER JURISDICTION
### THE COMPLAINT SHOULD BE DISMISSED, FRBP 12(b)(1)

11

12

13

14

15

16

39.    At the 12-11-2018 hearing on the motion to dismiss the original complaint, this court opined Rooker-Feldman doctrine did apply because the original complaint was not asking this court to be a court of appeal.  See Exhibit "G" Transcript 12-11-2018, RJN page 43.  Now the FAC does ask this court to void a Pennsylvania Judgment; arguing that California Law was not followed to obtain the Pennsylvania judgment.  It is difficult to see this request as anything less than an attack on the Pennsylvania Judgement.  Accordingly, we renew our Rooker-Feldman argument on the FAC.

17

18

19

40.    The amend complaint asks the court to review the Pennsylvania judgment for validity and amount.  On its face, this is a de facto appeal of the Pennsylvania judgment.  The Rooker-Feldman doctrine denies this court subject matter jurisdiction.

20

21

22

23

24

25

26

> The *Rooker–Feldman* doctrine takes its name from *Rooker v. Fidelity Trust*
> *Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of*
> *Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75
> L.Ed.2d 206 (1983). Under *Rooker–Feldman*, a federal district court does not
> have subject matter jurisdiction to hear a direct appeal from the final judgment
> of a state court. The United States Supreme Court is the only federal court with
> jurisdiction to hear such an appeal.
> *Noel v. Hall* (9th Cir. 2003) 341 F.3d 1148, 1154–1155

27

28

41.    Plaintiff alleges the amount of the judgment greatly exceeds the amount loaned.  Plaintiff

asks this court to "determine the validity" of the liens. These quoted words are found in the

bankruptcy rules; however, the real substance of the prayer is for a determination that the

YesLender Pennsylvania judgment is invalid, or the judgment amount is incorrect.  Plaintiff's

prayer is a de facto appeal of the Pennsylvania Judgment.

> To determine whether an action functions as a de facto appeal, we "pay
>
> close attention to the *relief* sought by the *778 federal-court plaintiff." *Bianchi*
>
> *v. Rylaarsdam,* 334 F.3d 895, 900 (9th Cir.2003) (internal quotation marks and
>
> citation omitted). "It is a forbidden de facto appeal under *Rooker–*
>
> *Feldman* when the plaintiff in federal district court complains of a legal wrong
>
> allegedly committed by the state court, and seeks relief from the judgment of
>
> that court." *Noel,* 341 F.3d at 1163; *see also Skinner v. Switzer,* —— U.S. ——,
>
> 131 S.Ct. 1289, 1297, 179 L.Ed.2d 233 (2011) (emphasizing that the *Rooker–*
>
> *Feldman* doctrine is limited to cases "brought by state-court losers ... inviting
>
> district court review and rejection of the state court's judgments") (internal
>
> quotation marks, alteration, and citation omitted).*Cooper v. Ramos* (9th Cir.
>
> 2012) 704 F.3d 772, 777–778

42.    Where the "de facto" appealed is intertwined with issues that may be properly before this

court, this court may not rule on those intertwined issues.

> The premise for the operation of the "inextricably intertwined" test
>
> in *Feldman* is that the federal plaintiff is seeking to bring a forbidden de facto
>
> appeal. The federal suit is not a forbidden de facto appeal because it is
>
> "inextricably intertwined" with something. Rather, it is simply a forbidden de
>
> facto appeal. Only when there is already a forbidden de facto appeal in federal
>
> court does the "inextricably intertwined" test come into play: Once a federal
>
> plaintiff seeks to bring a forbidden de facto appeal, as in *Feldman,* that federal
>
> plaintiff may not seek to litigate an issue that is "inextricably intertwined" with
>
> the state court judicial decision from which the forbidden de facto appeal is
>
> brought. As Judge Ebel held in *Facio v. Jones,* 929 F.2d 541, 543 (10th
>
> Cir.1991), a federal district court plaintiff was barred by *Rooker–*

1      *Feldman* from seeking "to vacate and to set aside" a previously-entered state

2      court judgment because his federal suit was a forbidden de facto appeal. The

3      federal plaintiff was also forbidden to seek a declaratory judgment invalidating

    the state court rule on which the state court decision relied,[7] for the plaintiff's

4      "request for declaratory relief [was] inextricably intertwined with his request to

5      vacate and to set aside the [state court] judgment." *Id. Noel v. Hall* (9th Cir.

6      2003) 341 F.3d 1148, 1158

7  43.    The intertwined issues here are the validity and amount of the judgments.  The time to

8  appeal the Pennsylvania judgement is long past.  The proper appellate jurisdiction was in

9  Pennsylvania.  The Rooker-Feldman doctrine bars this California Bankruptcy court from

reviewing the Montgomery County Pennsylvania's courts judgement.

10  44.    Notwithstanding being in the wrong court at the wrong time, plaintiff's legal theory is

11  flawed wherever reference is made to a "loan."  YesLender agreed to purchase future account

12  receivables.  Plaintiff took an advance on the purchase price.  There is no interest being charged.

13  There are no repayment terms.  Payment is calculated by accounts received.  YesLender owns

14  the accounts receivable.

45.    There is significant risk in purchasing future account receivables, accordingly taking an

15  advance on the purchase price demands a significant discount off the purchase price.  "Hard

16  money loans are loans too risky to meet the criteria of a bank or other conventional lender,

17  typically involving loan fees and interest rates substantially higher than those charged by

18  conventional lenders".  *In re Mastro*  (Bankr. W.D. Wash. 2011) 465 B.R. 576, 585.

19  PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION<br>COMPLAINT MUST BE DISMISSED FRCP 12(b)(6)

20  46.    The first amended complaint allegations relevant to Yeslender are the attack on the

21  validity and amount of the Pennsylvania Judgment. Accordingly, as to YesLender the complaint

22  should be dismissed for failure to state a cause of action. FRCP 12(b)(6)

23  ALL ALLEGATIONS REGARDING YESLENDER LLC<br>MUST BE STRUCK FROM THE COMPLAINT<br>FRBP 12(f)

24

25  47.    YesLender is one of four parties named in the complaint.  Given that this court lacks

26  subject matter jurisdiction and the Plaintiff has failed to state a cause of action that is within the

27

28

Jurisdiction of this Court, YesLender asks the court to strike all reference to YesLender in the complaint.

**WHEREFORE,** Plaintiffs prays for judgment on the Complaint as follows:

1. As to Yeslender, Dismiss all causes of action,

2. As to YesLender, strike all references in the complaint,

3. For such other relief as principles of equity may require, and the Court deems just and proper.

Date 2/12/2019

Larry Webb
Attorney for
YesLender LLC

W:\Google Drive\Creditor Clients\YesLender\Motion 12b\Second Motion to dismiss.docx2 12 2019 1:43 PM

- 18 -

YESLENDER'S MOTION TO DISMISS

| In re:  DDC GROUP INC. | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:18-bk-17029-BB |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.   My business address is:
484 Mobil Ste 43
Camarillo, CA 93010

A true and correct copy of the foregoing document entitled (specify): DEFENDANT YESLENDER LLC'S NOTICE OF
MOTION AND MOTION FOR ORDER TO DISMISS PLAINTIFFS FIRST AMENDED COMPLAINT FOR
DECLARATORY RELIEF AND TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF
JUDGMENT LIENS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT will be served or was
served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.   **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and
LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 2/12/2019, I checked the CM/ECF
docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice
List to receive NEF transmission at the email addresses stated below:

Richard W Esterkin     richard.esterkin@morganlewis.com, sue.reimers@morganlewis.com
Michael F Frank     mfrankatty@aol.com
Freddy Garmo     freddy@garmolaw.com, vlopez@garmolaw.com
David M Gilmore     dgilmore@gmlegal.net, lrenwick@gmlegal.net
Jagdeep Hansra     jh@ej-law.com, hansralawecf@gmail.com
M. Jonathan Hayes     jhayes@rhmfirm.com,
roksana@rhmfirm.com;rosario@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardi
s@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com
James Andrew Hinds     jhinds@jhindslaw.com, mduran@jhindslaw.com
Brian D Huben     hubenb@ballardspahr.com, carolod@ballardspahr.com
Monique D Jewett-Brewster     mjb@hopkinscarley.com, eamaro@hopkinscarley.com
Douglas H Kraft     dkraft@douglaskraft.com, canquoe@douglaskraft.com
Kenneth G Lau     kenneth.g.lau@usdoj.gov
Stephen M Sanders     stephen@thegreenlawgroup.com,
michele@thegreenlawgroup.com;peter@thegreenlawgroup.com;mike@thegreenlawgroup.com
Lovee D Sarenas     lovee.sarenas@lewisbrisbois.com
William A Smelko     William.Smelko@procopio.com, Kristina.terlaga@procopio.com;calendaring@procopio.com
United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
Larry D Webb     Webblaw@gmail.com, larry@webblaw.onmicrosoft.com;r51666@notify.bestcase.com     ☐ Service information
continued on attached page

2.   **SERVED BY UNITED STATES MAIL**:
On 2/12/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary
proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and
addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours
after the document is filed.

Hon. Sheri Bluebond
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1534
Los Angeles, CA 90012

☒ Service information continued on attached page

3.   **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each
person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by
personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be
completed no later than 24 hours after the document is filed.
   ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 2/12/2019 | Larry D. Webb 229344 | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**9013-3.1.PROOF.SERVICE**